# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH A. HARRIS,<br><br>                Petitioner,<br><br>  vs.<br><br><br>M. MARTEL, Warden; and JERRY BROWN, the Attorney General of the State of California,<br><br>                Respondents. | CASE NO. 09-CV-503 - IEG (AJB)<br><br>ORDER:<br><br>(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, and<br><br>(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL.<br><br>[Doc. No. 22] |

On March 13, 2009, Petitioner Micah A. Harris filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") before this Court. Petitioner challenged his conviction in the Superior Court for the County of San Diego, case number SCD 197551, for torture, mayhem, assault with intent to commit a specified sex act (attempted rape), and assault by means of force likely to produce great bodily injury. Petitioner asserted three grounds for relief: (1) the introduction of evidence of prior uncharged sexual offenses under Section 1108 of the California Evidence Code violated his constitutional right to due process and equal protection, and the trial court abused its discretion in admitting that evidence under Section 352 of the Evidence Code; (2) the evidence was insufficient to support a conviction beyond a reasonable doubt for torture under Section 206 of the California Penal Code; and (3) the trial court deprived him of his Sixth Amendment right to

confrontation by improperly restricting his ability to cross-examine an adverse witness.

The Court referred the matter to Magistrate Judge Anthony J. Battaglia, who issued a Report and Recommendation ("R&R") recommending the Court deny and dismiss the Petition on the merits. [Doc. No. 14]. On February 25, 2010, the Court issued an Order adopting in part the R&R, denying and dismissing the Petition, and granting Petitioner Certificate of Appealability ("COA") on all of the issues. [Doc. No. 19]. Petitioner subsequently filed his Notice of Appeal on March 11, 2010. [Doc. No. 21]. Currently before the Court is Petitioner's Motion for Appointment of Counsel on Appeal and Motion for Leave to Proceed In Forma Pauperis. Having reviewed the motions, and for the reasons set forth below, the Court **GRANTS** Petitioner leave to proceed *in forma pauperis* but **DENIES** the motion for appointment of counsel on appeal.

### I. Motion for Leave to Proceed In Forma Pauperis

Parties filing actions, including appeals to the Ninth Circuit, are required to pay a filing fee. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1913; FED. R. APP. P. 3(e). However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. Rodriguez, 169 F.3d at 1177. The Court may grant IFP status to any prisoner who demonstrates that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

In the present case, after reviewing Petitioner's motion and the Inmate Statement Report for Petitioner for the last 6 months, the Court finds Petitioner has made a sufficient showing of inability to pay the required filing fees. See Rodriguez, 169 F.3d at 1177; 28 U.S.C. § 1915(a). Accordingly, the Court **GRANTS** Petitioner leave to proceed *in forma pauperis*.

### II. Motion for Appointment of Counsel on Appeal

Grant of IFP status by itself, however, does not entitle Petitioner to appointment of counsel. Rather, Section 3006A provides that whenever the court determines that "the interests of justice so require," representation *"may be* provided" for any financially eligible person who is seeking habeas relief. 18 U.S.C. § 3006A(a)(2)(B) (emphasis added); accord 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). Appointment of counsel is addressed to the court's discretion and will be granted only in "exceptional circumstances." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In deciding whether to

1  appoint counsel in a habeas proceeding, the court evaluates "the likelihood of success on the merits"
2  as well as "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the
3  legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

4  In the present case, Petitioner has made no showing in his motion why he believes he would
5  be successful on the merits of his appeal. The Court also notes that Petitioner thus far has been able
6  to competently present his arguments to the Court, including filing detailed objections to the
7  Magistrate Judge's R&R. Finally, although the Court did conclude that Petitioner was denied his Sixth
8  Amendment right to cross-examination, none of the issues raised by Petitioner are sufficiently
9  complex nor do they present questions of unsettled federal law to necessitate the assistance of counsel.
10  Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel on appeal.

11  **III.  Conclusion**
12  For the foregoing reasons, the Court **GRANTS** Petitioner leave to proceed *in forma pauperis*
13  but **DENIES** Petitioner's motion for appointment of counsel on appeal.
14  **IT IS SO ORDERED.**

16  DATED: March 17, 2010
17  IRMA E. GONZALEZ, Chief Judge
United States District Court